IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIANA M. LUCENA,

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant

CIVIL 07-1860 (FAB) (JA)

OPINION AND ORDER

On September 17, 2007, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied her application for a period of disability and Social Security disability insurance benefits. The defendant filed a memorandum in support of the final decision on March 13, 2008, (Docket No. 10), and plaintiff filed a memorandum against such final decision on June 25, 2008. (Docket No. 15.)

The only issue for the court to determine is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole. In order to be entitled to such benefits, plaintiff must establish that she was disabled under the Social Security Act at any time between her alleged onset date of October 1, 2001 and March 31, 2003, when she last met the earnings requirements for disability benefits under the Social Security Act. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987).

After evaluating the evidence of record, the administrative law judge entered the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through March 31, 2003.
2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
3. The claimant's osteoarthritis, lumbar spondylosis, degenerative disc disease, muscular spasms and high blood pressure are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).
4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
6. The claimant has the residual functional capacity to engage in a light level of exertion.
7. The claimant's past relevant work as inspector did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1565).
8. The claimant's medically determinable osteoarthritis, lumbar spondylosis, degenerative disc disease, muscular spasms and high blood pressure do not prevent the claimant from performing her past relevant work.
9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

Tr. at 25.

Plaintiff has the burden of proving that she has become disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137 (1987). A finding of disability requires that plaintiff be unable to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. § 416(i)(1). In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits. There must be a causal relationship between such impairment or impairments and plaintiff's inability to perform substantial gainful activity. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986). Partial disability does

not qualify a claimant for benefits. See Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965).

The finding of the commissioner reflects an application of step four of the sequential evaluation process. See 20 C.F.R. § 404.1520(e). At step four the initial burden is on the claimant to show that she can no longer perform her former work because of her impairment(s). Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996); see Santiago v. Sec'y of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991). Thence, the Commissioner must compare the physical and mental demands of her past work with her current functional capability. See 20 C.F.R. § 404.1560(b). At this stage, the administrative law judge is entitled to credit a claimant's own description of her former job duties and functional limitations but has some burden independently to develop the record. See Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d at 17; Santiago v. Sec'y of Heath & Human Servs., 944 F.2d at 5-6.

In a terse decision, the administrative law judge noted plaintiff's pain and discomfort (caused by osteoarthritis, lumbar spondylosis, degenerative disc disease and muscular spasms), finding she could engage in a light level of exertion (lift and carry a maximum of 20 pounds occasionally and 10 pounds frequently), ignoring the opinion of plaintiff's treating physician that she was disabled since August 2001. He then concluded that plaintiff could return to her past relevant work as inspector, comparing the physical and mental requirements of her former job with her residual functional capacity, and making reference to Social Security Ruling 82-62.

In a thorough memorandum of law, plaintiff accurately cites the medical evidence of record, arguing that she clearly established that she could not return to her previous relevant job, thus shifting the burden to the Commissioner to come

forth and show the existence of jobs she could perform given her limitations. The Commissioner is thus charged with implementing the incorrect legal standard. She argues that the administrative law judge's decision is confusing as it lacks a proper or specific description of her residual functional capacity, nor of past relevant work as generally performed, so that no direct comparison, of function by function, could be made to be able to determine if in fact she could return to her past relevant work. She notes that the physical residual functional capacity assessment is unintelligent in its rationale and is irrelevant in relation to the rationale of the administrative law judge reference to medical foundation. The translation of medical data into functional terms is arguably lacking. Thus, the administrative law judge is charged with not developing fully the analysis regarding plaintiff's ability to return to her past relevant work. See SSR 82-62.

The administrative law judge discusses the medical evidence generally but specifically considered the opinion of Dr. Carlos A. Ortiz Soto, plaintiff's treating physician, and did not give it controlling weight, explaining the reasons why in his brief rationale. (Tr. at 24.) Clearly, it is well settled that even the opinions of treating physicians are not entitled to greater weight merely because they are those of treating physicians. Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982); Pérez v. Sec'y of Health, Educ. & Welfare, 622 F.2d 1, 2 (1st Cir. 1980); Rosado-Lebrón v. Comm'r of Soc. Sec., 193 F. Supp. 2d 415, 417 (D.P.R. 2002). In general, the administrative law judge is not required to give the opinions controlling weight. See 20 C.F.R. § 404.1527(d); cf. Sánchez v. Comm'r of Soc. Sec., 270 F. Supp. 2d 218, 221 (D.P.R. 2003).

The administrative law judge further acknowledged the presence of symptoms which could produce pain. The administrative law judge noted in his rationale that these were required to be considered under SSR 96-2p, 96-6p, 96-7p and 20 C.F.R. §§ 404.1527, 404.1529 (Tr. at 23-24); see Avery v. Sec'y of Health & Human Servs., 797 F.2d 19 (1st Cir. 1986). The factors to be weighed under the correct standard are the following:

> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); see also SSR 96-7p.

The administrative law judge did not generally address plaintiff's daily activities. However the rationale reveals sufficient references to the other Avery factors.

A physical residual functional capacity assessment by a non-examining physician reflects no significant extertional limitations and notwithstanding plaintiff's argument that the assessment is not sufficiently documented, there are medical notations, possibly understandable to a lay person (Tr. at 341) which reflect the basis of the doctor's determination. Another physical residual functional capacity assessment has a notation that is not understandable to a lay person. (Tr. at 350.) Yet another physical residual functional capacity assessment by Dr. Ortiz

Soto has significantly contrary findings with explanations. (Tr. at 377-80.) While it may be preferable for the administrative law judge to obtain a physical residual functional capacity assessment from an examining consultant, Rivera-Torres v. Sec'y of Health & Human Servs., 837 F.2d 4, 6 (1st Cir. 1988), reports from non-examining and non-testifying consultants are "entitled to evidentiary weight, which 'will vary with the circumstances. . . .'" Berríos López v. Sec'y of Health & Human Servs., 951 F.2d 427, 431 (1st Cir. 1991); Browne v. Richardson, 468 F.2d 1003, 1006 (1st Cir. 1972); cf. Rivera Ocasio v. Comm'r of Soc. Sec., 213 F. Supp. 2d 81, 83 (D.P.R. 2002).

The administrative law judge relied on the assessments of record in reaching a decision that plaintiff was able to perform her prior job as a glove inspector, a job she performed from May, 1980 to September 1995. How that work is performed, what is required, and how those requirements compare with plaintiff's residual functional capacity is gleaned from this record, although the administrative law judge did not make reference to plaintiff's own description of her job duties in reaching a conclusion. (Tr. at 138-40.) The record contains conflicting medical opinions and assessments. For example, the reports and assessments of Dr. Babilonia-Román (Tr. at 229-45; 317-38), Dr. Díaz Francón (Tr. at 339-47) and Dr. Fragoso Ledesma (Tr. at 348-56) favor a finding of not disabled as opposed to the reports of Dr. Ortiz Soto (Tr. at 377-80), Dr. Ramírez Lugo (Tr. at 214-26), and Dr. Moreno-Rodríguez (Tr. at 246-54). Nevertheless, the consideration of these reports and assessments is a reminder that it is not the function of this court to weigh the evidence and resolve conflicts in the same. That is the function of the Commissioner.

With this said, I return to SSR 82-62 which reads in part:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

Soc. Sec. Rep. Serv., Rulings 1975-1982, at 809, 812 (West 1983).

Plaintiff is required to "lay the foundation as to what activities her former work entailed, but she must point out (unless obvious) –so as to put in issue– how her functional incapacity renders her unable to perform her former usual work." Santiago v. Sec'y of Health & Human Servs., 944 F.2d at 5. The record shows that plaintiff presented evidence showing the "practical consequences" of her conditions on the requirements of her prior work. Id. at 6; cf. Gray v. Heckler, 760 F.2d 369, 375 (1st Cir. 1985). The administrative law judge noted that the evidence establishes that plaintiff could return to her occupation as generally performed in the national economy. (Tr. at 24.) I am not at all sure what evidence the judge is referring to. The judge continues that as the plaintiff's past relevant work does not exceed her residual functional capacity, she can perform the same. In making such a finding, the judge notes that he compared the physical and mental requirements of her former job with the plaintiff's residual functional capacity as required by SR 82-62. (Tr. at 24.) The analysis of the administrative law judge is undeveloped under SSR 82-62 and Santiago v. Sec'y of Health & Human Servs., 944 F.2d at 1, and the evidence plaintiff has presented in the way of the physical residual functional capacity assessment from her treating physician, while discounted by the administrative law judge, is sufficient for the administrative law judge to be required to comply with the letter of SSR 82-62, and make specific findings, something he did

not do. See, e.g., Curtis v. Sullivan, 808 F. Supp. 917, 923 (D.N.H. 1992); May v. Bowen, 663 F. Supp. 388, 391 (D. Me. 1987).

There being good cause to remand, I remand the case to the commissioner for further proceedings consistent with this opinion.

At San Juan, Puerto Rico, this 28th day of August, 2008.

S/ JUSTO ARENAS
Chief United States Magistrate Judge